UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20249-BLOOM/Otazo-Reyes**

CATALINA FERRIOL,

    Plaintiff,

v.

RECEIVABLE PERFORMANCE
MANAGEMENT, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon the parties' Joint Status Report, ECF No. [11] ("Report"), and Plaintiff's Motion to Remand, ECF No. [12] ("Motion"). The Court has carefully reviewed the Report, the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

On January 21, 2021, Defendant filed a Notice of Removal, ECF No. [1], seeking removal of this case, which was originally filed in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In the underlying Complaint, ECF No. [1-3], Plaintiff asserted claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Defendant sought removal based on the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On March 15, 2022, Defendant requested that the Court stay this case pending *en banc* review by the United States Court of Appeals for the Eleventh Circuit in *Hunstein v. Preferred Collection and Management Services*, based on the similarity of the claims asserted by Plaintiff here. *See* ECF No. [9]. Plaintiff did not oppose the request. The Court subsequently granted the

stay and directed the parties to file a motion to lift the stay and reopen the case upon the Eleventh Circuit's disposition in *Hunstein*. *See* ECF No. [10].

In the Report, the parties assert that the Eleventh Circuit recently issued its *en banc* decision in *Hunstein v. Preferred Collection and Management Services, Inc.*, --- F.4th ----, 2022 WL 4102824, at *2 (11th Cir. Sept. 8, 2022). In *Hunstein*, the Eleventh Circuit found that the plaintiff lacked standing under Article III "[b]ecause Hunstein had pleaded what could be characterized, at best, as an intangible harm resulting from a statutory violation." *Id*. In the Report, the parties assert that the Eleventh Circuit essentially held "that plaintiff's complaint in that case failed to allege sufficient facts demonstrating a 'concrete harm' as necessary to create Article III standing." ECF No. [11].

In conjunction with the Report, Plaintiff filed the Motion, requesting that the Court remand this case to Miami-Dade County Court, arguing that Defendant, as the party responsible at this stage for establishing Plaintiff's standing, fails to meet its burden after *Hunstein*. Essentially, Plaintiff contends that she now lacks Article III standing, and therefore, that the Court lacks subject matter jurisdiction, and should remand this case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.

1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. It is axiomatic that a federal district court must remand to state court any case that lacks the necessary jurisdiction or was removed improperly. *See Burns*, 31 F.3d at 1095.

"Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992)). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277

(11th Cir. 2006)). When a plaintiff lacks standing, "a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). In the context of removal, when a plaintiff lacks standing, a remand rather than dismissal is appropriate. *McGee v. Solic. Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

Upon review of the Complaint's allegations, which involve the wrongful transmission of Plaintiff's personal information to third parties, the Court concludes, consistent with *Hunstein*, that Plaintiff has alleged only a simple statutory violation, rather than a concrete harm. *See* ECF No. [1-3] ¶¶ 25-29, 37 ("Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA"); *Hunstein*, 2022 WL 4102824, at *6-8. As such, the allegations are insufficient to establish Plaintiff's standing. The Court therefore lacks subject matter jurisdiction in this case. *See Hunstein*, 2022 WL 4102824, at *9 ("Because Hunstein has alleged only a legal infraction—a 'bare procedural violation'—and not a concrete harm, we lack jurisdiction to consider his claim.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County for further proceedings.
2. The Clerk is **DIRECTED TO CLOSE** this case.
3. Any pending motions are **DENIED AS MOOT**.
4. Any pending deadlines are **TERMINATED**.

Case No. 22-cv-20249-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record